ULYSSES GRANT FREELAND, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF EAST RUTHERFORD, RESPONDENTS.

Submitted January 17, 1939—Decided March 2, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *C. Conrad Schneider*.

For the respondents, *Dominick Marconi (R. Louis Clarkson,* of counsel).

The opinion of the court was delivered by

PORTER, J.   The prosecutor, an exempt fireman, was employed by the respondents as a driver of a truck, and was discharged from that employment.   He sues out this writ of *certiorari* to test the legality of his discharge.   The facts are stipulated.

It appears that the prosecutor was appointed driver of one of the trucks of the borough by resolution of the mayor and council on January 18th, 1937.   On March 21st, 1938, the council by motion dispensed with the services of the prosecutor and another driver, employed in the Department of Public Works, named Frank Ferraro.   It took this action in pursuance with a written report to the mayor and council of the chairman of the Department of Public Works to the effect that the funds budgeted would be insufficient to carry on the road work and that it was necessary to curtail the expenses for the balance of the year.   This report stated, in part: "The drain of the salaries of Grant Freeland (prosecutor), Frank Ferraro and the superintendent of the department for the three-month period has been more than the budget appropriation can stand.   The superintendent of these departments is now well enough to perform his duties in full and is now doing so.   Therefore, the services of both Grant Freeland and Frank Ferraro are to be terminated as of April 1st, 1938, they being the last two members to be placed on said department.   A rearrangement of the working schedule is being worked out by the committee in charge of these departments and the necessary work will be carried on as economically as possible, the committee contemplating using relief workers when emergencies arise and where possible."

It further appears that subsequently Ferraro has been re-employed as driver on part time together with other men,

all of whom were presumably unemployed; at any rate they were on the relief list of the borough and were given this employment for at least three days a week because they were receiving money from the borough "for relief" and in payment for the money so received.

Under the facts and circumstances of this case we conclude that the prosecutor has not shown that the municipality was actuated by political considerations or bad faith, rather than reasons of economy, in the conduct of its affairs as it claims.

The writ will be dismissed, without costs.